Good morning. Good morning, Your Honors. Matt Hayes on behalf of plaintiffs and appellants. May it please the Court, I would like to reserve seven minutes for rebuttal. Keep an eye on the clock. I'll try to help you. In ruling on plaintiffs' motion for class certification, the District Court abused its discretion by requiring plaintiffs to prove at the certification stage that they would ultimately prevail on the merits of their theories of recovery. According to the District Court, commonality and typicality could only be established if plaintiffs demonstrated on the merits that class members had in fact been injured. The District Court then proceeded to grant or deny certification of the proposed subclasses based on whether or not the District Court agreed or disagreed with plaintiffs' theories of recovery. In this regard, the District Court certified plaintiffs' proposed subclass, challenging the legality of Renzenberger's policy of not separately paying for non-peace rate work because the District Court agreed with plaintiffs that this policy was unlawful and therefore, in fact, injured class members. The District Court, however, refused to certify the proposed subclasses, challenging the legality of Renzenberger's rest break, pay averaging, and itemized wage statement policies because the District Court concluded on the merits that the challenged policies and practices were legal and therefore did not, in fact, injure the class. Counsel, for our purposes, do you believe that there is sufficient authority in the Ninth Circuit that indicates that the District Court has to rely on the commonality issue based on the pleadings as opposed to the merits in making this determination? I believe that both Abdulla case and the Stockwell case establish that the District Court should look at plaintiffs' theory of recovery and decide whether that theory of recovery can be determined either in favor of the class or against the class in a class-wide setting. That is the law that is established in Stockwell. The court can look at whether the theory establishes some cognizable injury, right? The court can look at whether the theory of recovery could establish liability on a class-wide basis. Let me ask you about the rest break class then on that same point. Is there any evidence presented or theory beyond just the written policy to support the rest break claims? Yes. What we submitted in the record, Your Honor, was the interrogatory response asking for the policy on rest breaks. And that interrogatory response makes clear that rest breaks are not authorized and permitted unless during downtime or waiting time or time in between yard moves. We also submitted deposition testimony of Rensenberger's person most knowledgeable admitting that the company does not guarantee any minimum amount of waiting time or time in between yard moves. And our theory of recovery is the company cannot limit rest break rights to certain periods of time unless the company guarantees that those periods of time will occur and will occur at rates that are required by the wage order. That's exactly what I'm trying to ask you because the policy, the face of the policy upon which the district court rested its analysis is that the policy doesn't restrict rest breaks just to waiting time and time between yard moves. And you're saying that there's evidence beyond that. In fact, there were restrictions. Yes, and I would say that the policy also includes that restriction. What the court pointed out was that the policy does parrot the wage order, but then the policy goes on to say that rest breaks should be taken during downtime or waiting time and time in between yard moves. And there was evidence that the company had admitted that they're only allowed to take them during. That it should be taken and that those times would be counted, but is there anything indicating that if those times didn't rise to a sufficient number of breaks that the employees would then be prohibited from taking breaks during other times? We believe that the interrogatory response that's in the record makes clear that they are limited to taking their rest breaks during those restricted periods, and there is no evidence in the record that they are allowed to take them outside of those periods. Given the variables, though, why isn't this why won't this require very individualized examination in the circumstances of each driver? Because we have explained exactly why the policy is illegal, and we can decide if we're right on our theory on a class-wide basis and why we say the policy is. I agree with that, but what happens when you try to assess liability to particular class members? I think that's where we have to be clear here. Under California substantive law, liability to the class is established if it's shown that the company adopted a policy that does not comply with the wage orders. Whether on a daily basis. What if it's on its face it complies, but it's in the application? Well, here we have evidence that's not disputed, that they are not guaranteed a minimum amount of waiting time or time in between yard moves. We're saying that that right there, that makes it illegal. You cannot limit rest break rights to a certain period of time unless you guarantee that those periods of time will occur at the rates required by the wage order. We're either right that that's required or we're wrong. If we're right, the policy is illegal as the company has admitted it exists in their interrogatories and in their deposition testimony. Where you're going to get where I think you're saying there may be individualized inquiries is looking at how the policy plays out on a day-to-day basis. But that, Your Honor, I think Abdullah makes clear, that is a damages issue because under California substantive law, if the policy itself violates California wage order, then liability to the class is established. And whether or not individuals were able to get sufficient rest break time on a day-to-day basis is purely a damages issue. And that's also what the Brinker court said that Abdullah cited too. So I don't think you're, you know, we're either correct that you have to guarantee a minimum amount of waiting time or time between yard moves or we're incorrect. And resolution of that issue is going to decide liability for the entire class. The bottom line is you believe that you are entitled to look at the face of the policy as supplemented by interest interrogatories, deposition testimony to show that there was a violation under California law on a basically a prima facie basis. That's what the district court was supposed to look at in making this determination regarding commonality. You believe that the individual application, how it actually worked out in the context that my colleague mentioned, is improper for the district court to consider. Is that correct? We believe that looking at whether on a daily basis enough time was provided for a rest break is improper because that's a purely damages issue. And we believe the court needed to look at, which is essentially undisputed evidence. The undisputed evidence is we have the policy, we have the PMK testimony, we have the interrogatory response. We're either right that those things establish the policy that we say it establishes or we're wrong and it doesn't. And that's a common issue. But you're saying basically the commonality issue is decided at the written policy level, basically. You don't look at how you have different people, different factories, different conditions that would make everybody's situation different. We're saying that the policy is established by what the company says it is. And the company has told us what the policy is through their person most knowledgeable testifying, through their person most knowledgeable signing verified interrogatory responses, and through their written policies, which are all consistent. These aren't inconsistent. It's just the policy does parrot the rest break requirement. The policy then goes on to say you should take it during down time or time in between yard moves. The interrogatory response makes clear that people are told you have to take it during those times. And the PMK has admitted that we do not guarantee or make any effort to ensure that those times occur at any specific rate. And we're saying that that policy, which the company has said this is how we handle rest breaks, that's illegal. They didn't do it right. You want to save your time? You've got 5.25 left if you want that. Yeah, I think I'll reserve it to see what issues come up. Very good. All right. Let's hear from the company. May it please the court, Bill Whelan appearing for Eppley-Renzenberger. I think my friend is overstating a couple of things. One is it is not substantive California law that a policy that is noncompliant on its face creates liability. The Brinker course did not say that. The Brinker case was faced with a situation where the policy on its face violated California law by not providing a second rest break after the six-hour period. And that was the only class that was certified, but it was certified based on more than just the fact that there was a policy. There was also evidence in the record that, in fact, the employees working for Brinker were denied a second rest break, even if they had worked more than six hours. And that was the only class that was certified. But isn't the issue at this stage is the question of whether your right or their right on the validity of the policy is a common question to the class? And, therefore, if you lose on that, or if you win on it, they would then have to show that individuals. I believe the district court was correct in ruling that it wasn't enough just to show a common policy, because I think the district court, in laying out the applicable law for the class certification stage, was absolutely correct that it isn't just looking at 23A of the rules of civil procedure, but that the predominance requirement, which is also to be decided at the class cert stage, under 23B3, that's what the court looked at. And on this record, I don't think that this court can find that the district court abused its discretion in finding that there was no predominance on the rest break case under Rule 23B3, for some of the same points that the court has already indicated. In fact, the court followed plaintiff's theory that commonality may be established, because if you're looking at the policy. But the court said that a plaintiff, to meet the burden under Rule 23, to establish class certification, has to show more than just what is in the pleading. If all any plaintiff's attorney has to do in a wage and hour class action is plead that there was a violation or that the policy was unlawful, we would never get past the pleading stage. But that isn't the standard that the plaintiffs bore at the class certification stage. They had to make a factual showing that satisfied the requirements of Rule 23. Because otherwise, why in the world would any of us doing wage and hour class actions ever bother to submit evidence in the record at the class certification stage from which the district court has to determine whether, A, there's any common issue, and, B, whether they predominate. From your perspective, what plaintiff's counsel is suggesting is really no different than saying, look, this is what I pled. You have to decide the commonality issue based upon what I pled. Exactly. I do not believe that the district court, any district court, is restricted to the pleadings. His argument was that an individualized inquiry goes only to damages, and you're saying, no, it doesn't. I completely disagree with that as a matter of California law. Because every case that has looked at whether even just at the class certification stage has never been restricted just looking at the policy. It is certainly true that a plaintiff in a wage and hour case that can show a facially invalid policy has gone a long way toward established class certification because the implication and often the evidence in those cases that's put before the district court is to show that the unlawful policy was consistently applied by the supervisors so as to actually, in fact, have a pattern and practice of depriving the employees of the rest breaks required by the wage order. It has to be fleshed out from your perspective. Taking your analogy, you take the pleading, but you have to flesh it out enough to show that in practice that the violative policy, if you will, has been applied in a way to create liability. Exactly, because otherwise there would be no point in looking at 23b-3 of the class certification analysis, the second part of predominance. But in this particular case, as to the rest break class, the thrust of the district court's analysis is on the face of the policy alone that that wasn't a violation of the wage order, right? Because as the district court understood it, and I'm looking again at the district court's order, plaintiffs do not argue that class members were actually denied rest periods, so they're relying on a facially unlawful order, which the court found was not, in fact, unlawful. And frankly, as plaintiffs' counsel has conceded both below and here, the policy parrots the wage order. So the wage order has the provisions about how much rest break is to be given, as everybody, the district court, plaintiffs' counsel, and Renzenberger, all agree that the wage order has essentially just been copied into our policy. Well, and that's why I was asking counsel regarding whether his theory rested on the written policy alone. So he referenced in his response to my questions interrogatory responses that he thinks would tip him over the edge. How do you respond to that? Because there is nothing inconsistent about the interrogatory responses or the requirements of the wage order. As the record before the district court showed, that these are drivers who have literally two hours of no work for which they are paid, and the policy says you are encouraged or you are to take your rest breaks during those downtimes. There is nothing wrong or inconsistent between that as a factual matter and as sort of just running a business, and then the requirement on the wage order side, which is that we as a company have to make sure that there is at least 10 minutes of uninterrupted time during the day, twice if you're working an 80-hour shift, where they can take that. So from your perspective, the policy tracks the state's wage order. Yes. Almost verbatim. Almost verbatim. The plaintiffs put on evidence that they believe showed that wasn't the case, or in their case they probably think that the actual order itself was violative. You put on evidence by way of interrogatory depositions and so on that said, no, this is compliant with the rule, and then the district court looked at that and said, no, there's no violation here, and you're saying that's what the district court has to do. They're saying that was illegal. The district court should not have gotten into the merits from their perspective. I disagree with the characterization that the district court got into the ultimate merits of the case. I think the district court only looked at the merits to the extent necessary in order to determine whether this was an appropriate case for class certification. So in other words, I guess it's all in the eye of the beholder. To some degree, the district court has to look at what actually occurred, the merits, to determine whether there's a commonality problem, right? At the district court level, both this court in the Ellis versus Costco case and the United States Supreme Court in the Walmart case instructed district courts to look at the merits to the extent necessary to determine predominance or any of the other class certification stages. It would have been improper, I think, for the district court to rule that these three individual plaintiffs, that they lose their individual cases on the merits. But the district court didn't go that far. They still have their individual claims, and they can still try to prove that the company deprived them of the opportunity to take rest breaks. What the district court said based on the factual record before the court was there was, you know, 35 different workplaces throughout this state, different size yards, different numbers of employees, different number of moves, and all of the factual disputes. What I think the plaintiffs are improperly doing on appeal is asking this court to ignore the factual record. The district court certainly looked at that because the district court, in his own analysis, went through the proper standard under Rule 23 and then said, Plaintiffs haven't shown an unlawful policy, but they haven't even argued that they were deprived of a rest break. They haven't even argued or much less established that anybody was actually deprived of a 10-minute rest break and therefore concluded in the words of the district court, Plaintiffs have not demonstrated the possibility of any common injury or any common resolution. That is a legally correct analysis. And we believe that based on the factual record before the district court and this court, that was certainly not an abuse of discretion by the district court. The court also invoked the no injury theory on the pay average class and the wage statement class. Was that right or not? Well, I'll take what I think is probably the easier one first, which is the wage statement class, because the court said that on the record before it, Plaintiff's theory was based on only half of the pay statements that were provided. And the court said factually, the record before me shows that there are two, there's a wage statement and a pay stub that comes with every single check. And that because those appear to track verbatim the requirements of California Labor Code Section 226, which sets out what needs to be on a pay stub, the court said, I've looked at the record that you've put in front of me, it complies, so you haven't shown that there's an issue here that needs to be tried on a class-wide basis. And, again, I gave this example, and I think it's a good one. The typicality issue, right? Well, the typicality was on for Mr. Haynes, which was because that was the waiting time penalty claim, which is that under California law, the Labor Code, if somebody's not paid on full on termination of employment, then they can be owed up to 30 days' worth of wages as a penalty. What the district court said about Mr. Haynes was, I've certified one class, and that is the separate pay class, but that only applies to road drivers. And Mr. Haynes, in his declaration, was a yard driver. He's not part of the separate pay class, but he was the only former employee out of the three plaintiffs. So, by definition, Mr. Haynes is the only one potentially eligible because he's the only former employee, but he's not a member of the class that was certified by the district court, because we do have a certified class, and we will have a trial on that certified class. I mean, the case is still proceeding. It's not the end of the case. But what the district court correctly ruled is that the plaintiffs don't have an adequate plaintiff on the waiting time claim because Mr. Haynes doesn't qualify. On the pay averaging theory, again, it's sort of a predominance analysis under 23B, because even if you get past commonality under 23A, you still have to show that this could be tried on a class-wide basis. And the court, I believe on this record, and certainly this court, based on the record, either way, can certainly say that the plaintiffs have not met their burden of offering a manageable model to try that theory on a class-wide basis. As we argued below and argue again here, if you're going to have to have a company defend whether it's paid minimum wage on a piece rate basis, the only way to do that is employee by employee and looking at who worked how many hours and what was paid on that hour. There is also the problem, and a fundamental problem, I think, for plaintiffs, which is that their legal theory, even if it had been pled, has no support in the law. And I guess to the extent that there's anything sort of unusual or pushing the envelope about my position, it is that I do think that the common question of law for class certification purposes has to have some basis in the law. And the example I gave in the brief to remind the court is, if the plaintiff's theory in the complaint is that this company is violating the law by not paying all employees to take a day off every single Friday, it would be a common question. As the Supreme Court noted in the Walmart case, any competent lawyer can create a common question in the pleading. But unless it's got some basis in the law that there is a requirement that employers give their employees every Friday off without pay, it doesn't really matter that it's a common question or that it could be decided on a class-wide basis if the underlying legal theory is a legal theory that is not recognized by any statute, any wage order, or any case. And that is the case here with piece rate, and it would be true, too, of commission pay. There is simply no law in California that says that every single hour paid on a commission basis or a piece rate basis has to be over the minimum wage. The requirement is that for the work week, if you pay an employee on either commission or piece rate basis, all of the hours paid have to at least meet minimum wage. And that's the threshold question, and I see I'm almost out of time. You are out of time. Any questions of my colleague? All right, thank you. You have rebuttal time, counsel. I would just say that all of the arguments that opposing counsel is making are merits arguments that a court could decide at trial or at summary judgment for all class members. They all go to whether we're right that these policies we challenge are unlawful. If we're wrong we're not. Let me ask you this, counsel, without breaking it down into categories. Your opposing counsel takes the position that the orders you're making or you're challenging were basically taken in high verba from the state's wage order. Let's just say that's right for a second. I'm not saying it is, but just say it was. And you said that was a violation of the law. Would the district court be able to make a determination that that's not unlawful in connection with a commonality determination, or you would say they can't do that? If we're saying that something, that the wage order says something that it doesn't? No, I know your position. Under that hypothetical. Copy the statute. Right, so that isn't what happened here because we tied it to the actual substantive law. But I would say that if we came with a theory that conflicted with applicable law, but it was a common theory that the court could say you're right or you're wrong, I would say, as this court noted in Jimenez, that the defendant should welcome class certification because then in one fell swoop you adjudicate liability against the class on that theory of recovery and you never face it again. But the way to attack it would be what, 12B6? You could do that. If that's what they would do. They were welcome to do that. They could have filed a motion for summary judgment either before or after class certification. That didn't occur here, right? Correct. Okay. Right. And I think it's important. There's some talk about are we relying just on the pleadings here. We're not relying on the pleadings here. We have presented evidence with regard to the rest break of the written policy coupled with the interrogatory response, coupled with the PMK deposition testimony. And none of those say that the policy is anything other than we've alleged that it is. So if there's an issue on whether we're right that that is actually what the policy was, as this court said in Jimenez, that's also a common merits issue that can be determined. Either we're right that the policy is you have to take your rest breaks during down time and time between yard moves, and they don't guarantee any minimum amount of such time. Either we're right that that's the policy or we're wrong. If we're wrong, we lose. If we're right that that's the policy, then the common issue is, is that policy legal or illegal? That can be decided. In fact, the court's holding makes clear that there is common issues here that will drive resolution of all the claims. The court adjudicated liability on each of these challenge policies. The district court actually found the rest break policy is lawful. If that's true, we lose. But that should be decided at summary judgment, not at class certification. The district court also decided that the pay averaging policy complies with California law because the court made a sweeping assertion that this type of averaging is okay under California law. So from your perspective, it isn't that the district judge could have made the ruling that he did, but rather he can't do it in connection with this stage of the proceeding. Correct. He's welcome to rule on the merits in a dispositive motion or at trial. I mean, the very fact that the court could do so here, and it may be that it's common because we lose on a common basis, because our theory is faulty, because it doesn't violate the law. That's the whole issue here. And I think it's important to point out, again, that in Abdullah, this court looked to California substantive law, cited to Faulconberry for the principle that the mere adoption of a policy that does not comply with California's wage and hour requirements establishes liability. How does what the district court did here comport with Wal-Mart's comments about merits considerations? Well, I mean, in what respect, General? Well, in the sense that it clearly authorized some consideration of merits, right? Right. And I think what you do then, Your Honor, is you look to the substantive law to determine what is necessary to show to establish liability, and can that be shown on a common basis. Here, Faulconberry, as is the California Court of Appeal decision, says that to establish liability, you need only show that the company adopted a policy that does not comply with wage and hour law. So you look at the merits and say, okay, what do you have to show to establish liability? You have to show they adopted an illegal policy. What's your theory of recovery? Theory of recovery is the policy that we've shown to exist through the evidence does not comply with California wage and hour law. Then you can decide, is that a common issue? Yes, you're either right that the policy complies with California wage and hour law, or you're right that it doesn't comply, or it does comply, one or the other, but that decides liability for everybody. So it's a common issue. You just look to the merits to decide what must be shown to establish liability, and can that showing be made on a common basis. When you're challenging a uniform policy, it can be, because our whole theory is the policy as we've shown it to exist is illegal. Any other questions that we have? Thank you both, counsel, for your arguments. The case just argued is submitted.
judges: Fisher, M. Smith, Nguyen